Battle, J.
The bill was filed for the purpose of obtaining a ■construction of the will of Snoad B. Carraway, deceased, and the main questions raised by the pleadings are, whether the legacies given by the testator to his wife, to repair and furnish “the house at Brandon, in Wake county,” and for one year’s support of her herself and her family, and the legacy of $500 given to the testator’s cousin, Louisa Carraway, are bequeathed in such terms as to make them a charge upon the specific legacies; or are they to be regarded as mere pecuniary legacies, not so charged, and, therefore, first liable for *98 the payment of debts, upon a deficiency of the assets appropriated for that purpose ?
The language of the bequest to the wife, is as follows: “ I hereby direct my executors to pay to my wife, Sarah E. Oarraway, one thousand five hundred dollars, out of my estate, to repair and furnish the house at Brandon, in Wake county. Also, an ample sufficiency of every necessary for the support of herself and family for one year.” The bequest to Louisa Oarraway is of “ five hundred dollars, to be paid by my executor out of my estate.” By a codicil, the testator declared his will to be “ that the sum of seven hundred and fifty dollars shall be paid by my executor to my wife, Sarah, to finish the improvements, and furnish the house at Brandon, Wake county, the chief part having already been done.” A question has been made upon the terms of the codicil: whether they revoke and annul the force of the expression contained in the will, that the legacy is to be paid by the executor out of the testator’s estate. W e think clearly that they do not; because it is manifest that the testator’s only intention was to lessen the amount of the legacy, the object of the bequest having been already partly accomplished. In the late case of Dalton v. Houston, 5 Jones’ Eq. 401, the following passage from 1 Jarman on Wills, 160, in regard to the effect of a codicil upon a will, is quoted with approbation, and we think it governs the present case. “In dealing with such cases, (says Mr. Jarman,) it is an established rule not to distmrb the dispositions of the will, further than is absolutely necessary for the purpose of giving effect to the codicil.”
Another question has also been made, whether the bequest for the widow’s years’ support is expressed in the terms “ to be paid by the executor out of the estate,” and we think it is, by force of the word “ also ” coming immediately after the legacy given for the repair and furnishing of the house at Brandon.”
These questions are preliminary to the main one, which we will now proceed to consider. In discussing this question, we will first remark, that if the testator had simply directed the *99 legacies to be paid out of bis estate, without saying by his ex* ecutor, we should not hesitate to hold that they were a charge upon the land as well as upon the personal property; the former, however, being only an auxiliary fund to be brought in after the latter, as the primary funds, had been exhausted. In support of this proposition, we should rely upon the case of Bray v. Bamb, 2 Dev. Eq. Rep. 312, as one directly in point. The expression there, was, “ I give and bequeath unto Nancy Guilford Bray, five hundred dollars, to be raised and paid out of my estate.” The Court held the legacy to be well charged upon the land. In delivering the opinion, we do not discover that RttepiN, Chief Justice, laid any particular stress upon the word “ raised,” and we are unable to perceive any difference in the meaning of the terms “raised out of my estate,” and “ paid out of my estate.” We do discover, though, that he emphasises the word “estate,” to show that the realty as well as the personalty, was included in its signification. — ■ We do not overlook the fact that his Honor uses the word “ raised,” and it was natural that he should do so, because that word was used in the will, but we cannot perceive that he assigns to it a meaning stronger than would have been conveyed by the word “ paid,” to which it is conjoined. But it is unnecessary to pursue the enquiry, as it is contended in the present case, that as the legacies are to be paid out of the estate by the executor, the land cannot have been meant, because the executor has no control given him by the will over tire land, and, therefore, the term “estate” must be restricted to the personal estate. Supposing that to be so, still the expression may furnish an argument that if the testator intended to charge the legacies upon the real, as well as the personal estate, and failed to do so as to the land, because he directed them to be paid by his executor, it shows conclusively that he intended them to be paid out of the primary fund, to wit, the whole personal estate. Waiving, however, this argument, we are inclined to the opinion, that when a testator directs a pecuniary legacy to be paid by his executor, out of his estate, he thereby, either expressly, or by the necessary con- *100 struetion of bis language, gives it a preference over his specific legacies, or, in other words, he means that it shall be paid any how, or in any event, provided all the personal assets are not exhausted in the payment of debts. But, if we are mistaken in this, as a general proposition, we are satisfied that the testator so intended in the present case, and that such intention is so clearly manifested in the will itself, that we are bound to give effect to it.
The general proposition is, we think, supported by principle, as well as by the authority of the leading case, Sayer v. Say-er, Prec. Chan. 392. The general rule undoubtedly is, that specific legacies do not abate in favor of pecuniary legacies. This is founded on the presumed intention of the testator, that they shall not so abate; but it is clear that the testator may declare a different intention, and may, if he think proper, by express words, or by a necessary implication, put general or pecuniary legacies upon the same footing in this respect with specific legacies, or may impose them as a charge upon such legacies, so that, upon a deficiency of assets, for the payment of debts, the specific legacies shall be first exhausted before the general or pecuniary legacies can be taken. There are two classes of cases where such will be the result: first, where a testator gives specific and pecuniary legacies, and after-wards says that such pecuniary legacies shall come out of all his personal estate, or words tantamount. Secondly, where there is no other personal estate than the specific legacies; for, in that case, they must be intended to be subject to the pecuniary legacies, otherwise, those legacies would be mocked ; See White v. Beaty, 1 Dev. Eq. 87 and 320. In Sayer v. Sayer, the specific legacy was not subjected to the payment of the general legacy, on account of the special words of the will, but the general principles with regard to the two classes of cases above specified, were clearly recognised and laid down by the Lord Chancellor. In the will now before us, the testator, in plain terms, directs the general or pecuniary legacies in question to be paid by his executor “ out of his *101 estate,” which, as there is no exception, must mean out of his whole estate.
But, if the proposition, that a general or pecuniary legacy is charged upon a specific one, (when there is a deficiency of assets to pay both,) by the express direction to the executor to pay it out of the testator’s estate, is denied or doubted, we then say, with great confidence, that the testator, in the present will, has given a preference of the pecuniary legacies over the specific ones. The testator has, as we think is apparent from the will itself, given away all his estate, both real and personal, specifically, except the fund which he directs to be first applied in the payment of his debts. Of the sufficiency of that fund for the purpose intended, he expresses a doubt by saying “should my perishable property be insufficient to pay my debts, I wish the following negroes to be sold,” &e. He then specifies six negroes whom he wishes to be sold for the payment of the residue of his debts, giving them, if not wanted, or so many of them as might not be wanted for that purpose, to certain specified legatees. The testator then, having gi ven away specifically all his personal estate, except the perishable property which he devoted to the payment of his debts, and which he manifestly supposed might not be sufficient for the purpose, and which the answers admit was not sufficient for the purpose, out of what fund could he have intended his general legacies to be paid when he directed them to be paid out of his estate? The reply is obvious that he intended that they should be paid out of the personalty which he had given away in specific legacies, if it should become necessary to do so. In this view of the ease, we think that we are fully sustained b¿' the decisisn of this Court, in White v. Green, 1 Ired. Eq. 45. There the general legacy was given in terms not so strong in favor of a preference over specific legacies as the present. The words were, “I give and bequeath to my wife’s son, William Watson, the sum of five hundred dollars, to be paid to him by my executor out of such moneys as he may think best.” The case came on to be heard upon an appeal from a decree made in the Court below, and Ruskest, *102 Chief Justice, in delivering the opinion of this Court, said: “ His Honor held, that the legacies to the nieces, were not at all liable, because they are specific, and do not abate with, or contribute to general legacies. That, we know, is the general rule, but there is an exception to it, within which, we think, this case falls. If a general legacy be expressly charged upon a specific legacy, then, of course, it is payable thereout.— So, if a pecuniary legacy be given, or there be no fund to pay it, or rather, if there never was any fund to pay it, except the specific legacies, owing to the fact .that every thing is given away specifically, the necessary construction is, that the general legacy is to be raised out of the personal estate, although specifically bequeathed. For, it is not to be supposed that the testator meant to mock the legatee; Sayer v. Sayer, Pre. Ch. 393; Rop. on Legacies 255, 3d Ed.; White v. Beaty, 1 Dev. Eq. 87 and 320. This will descend so minutely into the enumeration of articles, that it is merely to be inferred from the will itself that it disposes of, or professes to dispose of, all the property the testator had. But the answers, which are to be taken to be true, remove all doubt. They state that the testator left nothing, and had nothing, at the making of the will, applicable to the payment of this legacy, but such as he has given specifically. He left cash and debts due to him, to the amount of about $100; but he owed a larger sum. This, we think, a sufficient ground of itself, for holding the specific legacies liable, without recurring to the direction to the executors to pay the pecuniary legacy ‘ out of such moneys as he may think fit.’ Those words, however, strengthen the inference of the charge; because ‘ moneys ? could not mean cash in hand, (of which there was only about $20,) but meant cash to be raised by the sale or hiring of property.”
These remarks, are in our opinion, almost, if not quite as applicable to the facts of the ease now before ns, as they were to that, in which they were made, and lead irresistibly to the conclusion that the testator, in the present ease, intended to charge, and has effectually charged, the general legacies in *103 question upon all the specific legacies, so all that the latter are to be taken for the payment of the testator’s debts before the former can be touched. The specific legacies to the widow, herself, will be taken, or, if all are not wanted, will abate pro rata, with the others.
We have examined the cases of Everett v. Lane, 2 Ired. Eq. 518, and Shaw v. McBride, 3 Jones’ Eq. 173, to which our attention has been called by the counsel for the defendants, and do not find any thing in them inconsistent with the principles which we think lead to the conclusion at which we have arrived.
The personal property which the testator had given away in his life-time, and which did not need the aid of his will to pass the title to it, cannot be taken, because such gifts are not legacies of any kind.
The questions on which we have declared our opinion, are the only ones which have been argued before us, and we presume the parties may now frame a decree which will put an end to their litigation.
MaNly, J., concurred in the above opinion.